Harold J. ZIEMANN, Ruth Y. Ziemann, James D. Groves, Maxine Groves, Gene Hustad and Ardys J. Hustad, Plaintiffs-Appellants,

v.

VILLAGE OF NORTH HUDSON, a domestic municipal corporation, Richard J. Brynildsen, William J. Gilbert, Hugh F. Gwin, Frederic Johnson, Defendants,†

BOY'S CAMP OF HUDSON, Wisconsin, Inc., a domestic corporation, Defendant-Respondent.

Court of Appeals

*No. 79-1236. Submitted on briefs, July 8, 1980.—
Decided September 23, 1980.*
(Also reported in 298 N.W.2d 233.)

† Petition to review granted.

For the appellants the cause was submitted on the brief of *Joel D. Porter, John W. Fetzner* and *Fetzner & Porter* of Hudson.

For the respondent the cause was submitted on the brief of *Ardell W. Skow* and *Doar, Drill, Norman, Bakke, Bell & Skow* of Baldwin.

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J.   The plaintiffs appeal from a judgment that dismissed their complaint against the Boy's Camp of Hudson, Wisconsin, Inc., for failure to state a claim. Plaintiffs and the Camp are owners of separate lots subject to a mutual restrictive covenant. The plaintiffs claim that the covenant prohibits use of Camp property as a public park. The trial court concluded that the restrictive covenant did not prohibit the proposed park use. Because we also conclude that use of the property as a public park is not prohibited, we affirm.

[1, 2]

The only dispute between the parties concerns the construction of the covenant which is a question of law. On appeal, we independently review questions of law. *First National Leasing Corporation v. City of Madison,* 81 Wis.2d 205, 260 N.W.2d 251 (1977). Restrictive covenants are not favored in the law and should be construed in favor of the free use of property. *McKinnon v. Benedict,* 38 Wis.2d 607, 157 N.W.2d 665 (1968). They are construed strictly against the party claiming their benefit. *State ex rel. Bollenbeck v. Village of Shorewood Hills,* 237 Wis. 501, 297 N.W. 568 (1941).

The purposes of the restrictive covenant in this case[1] are to promote sound residential development and to

---

[1] The stated purpose of the restrictive covenant was:

[T]o promote the sound development of the proposed residential area above described and give assurance to the owners of said lots

assure lot owners that other lots will not be used in a way that would reduce property values or create a nuisance. No lot can be used other than for residential purposes, and no noxious or offensive trade or activity is permitted on any lot. The plaintiffs are homeowners

that no other lot owner within the protected area can use property in a way that will destroy values, lower the character of the neighborhood, or create a nuisance.

The covenant provides:

1. No lot or parcel shall be used except for residential purposes, and no buildings shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling, not to exceed two stories in height, together with a private garage for the use of the occupants of said single family dwelling, except that a guest house, not to be rented, may also be erected.

2. No building shall be located on any lot or parcel nearer than twenty-five (25) feet to Galahad Road. No building shall be located nearer than ten (10) feet to an interior lot or parcel line. For the purposes of this covenant, eaves, steps, and open porches shall not be considered as a part of a building, provided, however, that this shall not be construed to permit any portion of a building, on a lot to encroach upon another lot.

3. No dwelling be erected or placed on any lot or parcel having a width of less than eighty (80) feet.

4. No noxious or offensive trade or activity shall be carried on upon any lot or parcel or shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

5. The following prohibitions shall be observed:

a. No tank for the storage of fuel shall be maintained above the surface of the ground.

b. No parcel or lot shall be used or maintained as a dumping ground for rubbish. Trash, garbage or other waste shall not be kept, except in sanitary containers. All incinerators or other equipment for the storage or disposal of such material shall be kept in a clean and sanitary condition.

c. No animals, livestock or poultry of any kind shall be raised, bred or kept on any parcel or lot, except that dogs, cats, or other household pets may be kept, provided they are not kept, bred or maintained for any commercial purpose.

d. No sign of any kind shall be displayed to the public view on any parcel or lot, except one professional sign of not more than one (1) square foot, one sign of not more than five (5) square feet ad-

who object to a proposed deed of a lot from the Boy's Camp to the Village of North Hudson for use as a public park.

Construing the covenant strictly against the plaintiffs and in favor of the free use of the property, we cannot say that a public park violates the restrictive covenant. "Residential purposes" is a general clause, *Joyce v. Conway,* 7 Wis.2d 247, 96 N.W.2d 530 (1959), that does not specifically exclude public parks. An area can still maintain a residential character while including a limited number of stores, churches, schools, apartments, or parks. All of these uses could arguably be said to serve a residential purpose. Most of these uses would be excluded under the covenant by the section that limits buildings to single family dwellings of a certain type. The building limitation does not, however, limit use of the lots to single family homes and cannot be construed to exclude park use.

The plaintiffs also argue that park use is excluded because it would lower property values and create a nuisance. Without considering whether these provisions are so vague that they are perhaps unenforceable, they are, at the very least, ambiguous and must be construed. In construing a restrictive covenant, the language of the entire instrument by which the covenant was created, as well as the stated purpose of the covenant, must be considered. *Moore v. Stevens,* 90 Fla. 879, 106 So. 901 (1925) ; *see also Siler v. Read Investment Co.,* 273 Wis. 255, 77 N.W.2d 504 (1956).

---

vertising the property for sale or rent, or signs used by the builder to advertise the property during the construction and sales period.

6. No trailer, basement, tent, shack, garage, barn or other type of outbuilding erected on the premises shall be at any time used or occupied for residence purposes and all structures shall be completely finished on the exterior within one year after commencement of the excavation or construction thereof. No garage or other structure shall be erected on any parcel or lot before the residence thereon is constructed.

The purpose of the covenant here, as stated in its preamble, is to promote the sound development of a residential area. The protection against nuisances appears in the part of the covenant prohibiting noxious or offensive trade or activity. The covenant limits the type, size, and location of buildings and effectively precludes any business or farming use. The intent clearly is to assure the retention of property values through sound development of a residential area.

The term "residential," when used in a restrictive covenant, is in contradistinction to "business" or "commerce." *Hunt v. Held,* 90 Ohio St. 280, 107 N.E. 765 (Ohio 1914) ; *Briggs v. Hendricks,* 197 S.W.2d 511 (Tex. Civ. App. 1946). A public park, at least one with free admission, is neither a business nor a commercial activity. It is also not, by any reasonable interpretation, a noxious or offensive trade or activity. Strictly construing the covenant against the plaintiffs and in favor of the free use of the property, we conclude that the maintenance of property values and nuisance clauses do not prohibit use of the property as a park.

*By the Court.*—Judgment affirmed.