Karl P. KRANSKI, and Mary L. Kranski, his wife,
Plaintiffs-Appellants,

v.

John SKOWLUND, d/b/a Skowlund Excavating Co., Heritage Mutual Insurance Company, Virgil C. Thomas and The Western Casualty & Surety Company, Defendants,

Kenneth P. ZILISCH and The Travelers Indemnity Company, Defendants-Respondents.

Supreme Court

*No. 77-153. Submitted on briefs September 4, 1980.—
Decided September 30, 1980.*
(Also reported in 297 N.W.2d 189.)

For the appellants the cause was submitted on the briefs of *Thomas W. Bertz* and *Anderson, Fisher, Shannon, O'Brien & Rice* of Stevens Point.

For the respondents the cause was submitted on the brief of *Michael G. Grzeca* and *Everson, Whitney, Everson, Brehm & Pfankuch, S. C.,* of Green Bay.

PER CURIAM. The outcome of this case on appeal is determined by the rationale of *Gerger v. Campbell,* 98 Wis.2d 282, 297 N.W.2d 183 (1980), of even date herewith. Relying upon *Gerger* and the line of decisions supporting it, we affirm the trial court's judgment, which followed the order granting the defendant's motion to dismiss.

Plaintiff Kranski was an employee of the Pace Corporation on November 21, 1973, when he was injured in a trench cave-in. He received worker's compensation payments. Pursuant to sec. 102.03(2), Stats., and as it then existed, he brought a third-party action against Kenneth P. Zilisch, whom he alleged was negligent in directing him, Kranski, to go into an improperly dug trench when Zilisch knew Kranski would comply with his orders and when he knew that to comply would be dangerous. It was alleged that the supervision and direction of Zilisch was the proximate cause of the plaintiff's injury.

The trial court on motion to dismiss ruled that all the allegations of negligence in the original complaint related to nondelegable duties of the employer and failed to allege that any negligent conduct of Zilisch was in his capacity of a co-employee, rather than in his capacity as an agent functioning in behalf of the employer.

The order dismissing the original complaint was not appealed, and pursuant to the court order plaintiff was granted leave to plead over.

The amended complaint was also dismissed upon motion of the defendant. It is from the judgment dismissing the second complaint that this appeal is taken.

The trial judge correctly concluded that the amended complaint was replete with the same fatal infirmities that vitiated the original complaint.

The amended complaint, although denominating the defendant as a co-employee, alleged that Zilisch "carelessly directed, instructed or ordered" the plaintiff, knowing that the plaintiff "would comply with his directions, instructions or orders." These allegations are shot

through with the implication that Zilisch was acting in a supervisory capacity and was in the course of his function as an agent acting in the discharge of duties owed to the employer. The bare allegation that Zilisch was a co-employee is not an allegation of fact but a conclusion of law, and standing alone has little significance.

The language of *Crawford v. Dickman,* 72 Wis.2d 151, 155, 240 N.W.2d 165 (1976), is instructive in evaluating the sufficiency of these pleadings:

"Because of the extensive allegations . . . of supervisory duties owed the employer, we cannot, even under the rule of liberal construction here appropriate, conclude that the acts alleged . . . , although direct, personal, and affirmative, were undertaken in the separate capacity of coemployee."

The form of the complaint does not disguise the substance of the allegations that Zilisch was acting as a supervisor on behalf of the employer. Such supervisory activities are encompassed by the employer's liability under the worker's compensation act and, for negligence in the performance of such activities, compensation benefits are the exclusive remedy.

While we have frequently allowed an injured party to replead when a complaint fails to state a claim upon which relief can be granted, in this case the original complaint was dismissed after an extensive and appropriate statement of the law by the trial court. It is apparent, despite being fully informed of what would be required to state a claim, that the plaintiff was unable to frame a legally sufficient complaint consistent with the facts surrounding the injury. We accordingly decline to permit further pleading.[1]

---

[1] The defendant has asked that this court take this opportunity to reconsider its prior decisions which permit common law actions against co-employees. Subsequent to the commencement of this action, the legislature has amended sec. 102.03(2), Stats., to prohibit actions against another employee of the same employer. Ch. 195, sec. 2, Laws of 1977.