Harold J. ZIEMANN, Ruth₄Y. Ziemann, James D. Groves, Maxine Groves, Gene Hustad, and Ardys J. Hustad, Plaintiffs-Appellants-Petitioners,

v.

VILLAGE OF NORTH HUDSON, a domestic municipal corporation, Richard J. Brynildsen, William J. Gilbert, Hugh F. Gwin, Frederick Johnson, Defendants,

BOY'S CAMP OF HUDSON, WISCONSIN, INC., a domestic corporation, Defendant-Respondent.

Supreme Court

*No. 79–1236.  Argued June 1, 1981.—Decided June 30, 1981.*

(Also reported in 307 N.W.2d 236.)

For the petitioners there was a brief by *Joel D. Porter, John W. Fetzner* and *Fetzner & Porter* of Hudson, and oral argument by *Joel D. Porter*.

For the respondent there was a brief by *Ardell W. Skow* and *Doar, Drill & Skow, S.C.,* and oral argument by *Thomas A. McCormack,* all of Baldwin.

SHIRLEY S. ABRAHAMSON, J. The petitioners, Harold J. Ziemann, Ruth Y. Ziemann, James D. Groves, Maxine Groves, Gene Hustad, and Ardys J. Hustad, seek review of a decision of the court of appeals, *Ziemann v. Village of North Hudson,* 99 Wis.2d 37, 298 N.W.2d 233

(Ct. App. 1980), which affirmed a judgment of the circuit court for St. Croix county, Marshall Norseng, Circuit Judge presiding. The circuit court judgment dismissed the petitioners' complaint against all the named defendants, including the respondent on this review, Boy's Camp of Hudson, Wisconsin, Inc., for failure to state a claim upon which relief could be granted. We conclude that the case is moot. Accordingly, we dismiss the review and, because the case became moot while the court of appeals was considering the appeal, we vacate the decision of the court of appeals.

The matter having come before us from a judgment dismissing the complaint, we begin our review by stating the facts as set forth in the complaint.

The petitioners are owners of parcels of land in Outlot 85. The defendant Boy's Camp owned land in Outlot 85 and, when dividing and selling parcels of the land, recorded an affidavit stating that it intended to convey parcels subject to the protective covenants set forth in the affidavit. The deeds conveying the parcels to the petitioners incorporated by appropriate reference the affidavit and the protective covenants contained in the affidavit. The affidavit provided, *inter alia,* that no lot or parcel was to be used except for residential purposes.[1] This suit involves land which Boy's Camp owned in Outlot 85 when this action was commenced. The land was subject to the affidavit. The pertinent sections of the affidavit read as follows:

". . . This affidavit is made for the purpose of setting forth certain protective covenants running with the land, which said covenants are intended to promote the sound development of the proposed residential area above de-

[1] Subsequent to the petitioner's purchase of the land, the Wild and Scenic Rivers Act, 16 USC sec. 1271, et seq., was passed which prohibits residential use. The Village of North Hudson, in addition, rezoned the property from residential use to a conservancy zone.

scribed and give assurance to the owners of said lots that no other lot owner within the protected area can use property in a way that will destroy values, lower the character of the neighborhood, or create a nuisance. . . . 1. No lot or parcel shall be used except for residential purposes, and no buildings shall be erected, altered, placed, or permitted to remain on any lot other than one detached single family dwelling, not to exceed two stories in height, together with a private garage for the use of the occupants of said single family dwelling, except that a guest house, not to be rented, may also be erected. . . . No noxious or offensive trade or activities shall be carried on upon any lot or parcel or shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood. . . . 8. Enforcement of these covenants shall be proceedings at law or in equity against any person or persons violating or attempting to violate any covenant either to restrain violation or to recover damages. . . ."

The complaint denominates three claims against the several defendants in the case. The first and second claims name as defendants Boy's Camp, and Hugh Gwin and Frederick Johnson, both described as agents of Boy's Camp.

The pertinent allegation applicable to the first claim is that "on numerous occasions" these defendants "have attempted to transfer" that part of outlot 85 owned by Boy's Camp to "the Village of North Hudson by sale or condemnation for use as a park contrary to said recorded restrictive covenants, and have encouraged, and cooperated with, the Village of North Hudson to so acquire said property."

The pertinent allegations applicable to the second claim are that the defendants "represented" to petitioners "orally, in said recorded restrictive covenants, and otherwise, that they would promote the sound development" of outlot 85; that "they would prevent any other lot owner of said real property from using the property in

a way which would destroy the values, lower the character of the neighborhood, or create a nuisance; and, that they would not transfer or attempt to transfer any portion of said real property contrary to said recorded restrictive covenants, or for any use not conforming to said covenants"; and that "said representations were otherwise untrue . . . [and] were made with intent to deceive . . . and to induce" petitioners to acquire their land.

The third claim names as defendant the three defendants already referred to, as well as defendant Village of North Hudson, defendant William J. Gilbert, an attorney, agent, and employee of the Village of North Hudson, and defendant Richard J. Brynildsen, a trustee of the Village of North Hudson. The pertinent allegation applicable to this third claim is that the defendants conspired to transfer that part of Outlot 85 owned by Boy's Camp to the Village of North Hudson by sale or condemnation for use as a park, contrary to the recorded restrictive covenants and the representations in order to benefit themselves and to the detriment of petitioners.

The petitioners alleged they suffered injury and sought money damages. The petitioners did not expressly seek an injunction.

The defendants brought motions to dismiss the complaint for failure to state a claim upon which relief can be granted. Sec. 802.06 (2) (c), Stats. 1979–80. The motion to dismiss for failure to state a claim tests the legal sufficiency of the claim. The facts pleaded and all reasonable inferences from the pleadings are admitted to be true, but only for purpose of testing the legal sufficiency of the claims, not for the purpose of trial. The pleadings are to be liberally construed with a view to substantial justice to the parties. The complaint is not required to state all the ultimate facts constituting each

cause of action; and the complaint should be dismissed as legally insufficient only if it is clear that under no conditions can the plaintiff recover. *Starobin v. Northridge Lakes Development Co.*, 94 Wis.2d 1, 8, 287 N.W.2d 747 (1980).

The trial court granted the motion dismissing the action against defendant Village of North Hudson, ruling that the petitioners had not followed the statutory procedure for presenting a claim against a village, and granted the motion dismissing the action against all the defendants, ruling that park use *per se* did not violate the protective covenant stating that no lot shall be used except for residential purposes.

On August 3, 1979, the petitioners appealed that part of the judgment rendered in favor of defendant Boy's Camp. Petitioners did not appeal from those parts of the judgment in favor of the other named defendants. After motions and correspondence, the court of appeals "clarified" the appeal by ordering that the petitioners and the Boy's Camp were the only parties to the appeal. The court of appeals concluded that the protective covenants did not prohibit use of the property as a public park and affirmed the judgment of the trial court. The petitioners filed a petition with this court to review the decision of the court of appeals. We agreed to hear the review.

Unknown to the court of appeals before it rendered its decision or to this court prior to this court's granting the petition to review, within one week after the petitioners filed their notice of appeal with the court of appeals, Boy's Camp conveyed the land which is the subject of this lawsuit by warranty deed to the Village of North Hudson pursuant to the Village's jurisdictional offer in condemnation proceedings under sec. 32.06(3), Stats. The recorded deed from Boy's Camp to the Vil-

lage states that the conveyance is made "together with and subject to the Protective Covenants."[2]

After this court granted petitioners' petition to review, Boy's Camp filed a motion in this court to dismiss the review on the ground that its conveyance of the land to the Village "together with and subject to the Protective Covenants" rendered the case moot. We denied the motion and heard oral argument. Upon careful consideration of the record, briefs and oral argument, we conclude that this conveyance by Boy's Camp rendered the case moot and that the case was moot when the court of appeals filed its decision. Our conclusion is based on a consideration of the pertinent facts and this court's definition of mootness.

Boy's Camp, the sole defendant involved in the appeal, has disposed of its interest in the property which is the subject of this dispute. The property was conveyed subject to the protective covenants and thus in compliance with the covenants. Boy's Camp is no longer subject to any of the provisions of the covenants and was not at the time of the decision of the court of appeals in a position to violate the covenants. The trial court, the court of appeals and the parties view the central issue in this case to be the interpretation of the covenants' provisions to determine whether a park is a residential use. Because Boy's Camp conveyed the land to the Village together with and subject to the protective covenants, resolution of this issue by the court of ap-

---

[2] The deed states as follows: "TOGETHER WITH and SUBJECT TO the Protective Covenants set forth in an Affidavit by the President and Secretary of Boys' Camp of Hudson, Wisconsin, Incorporated, dated March 15, 1966, recorded March 16, 1966, in Volume 421, pages 510–512, Document No. 283700, in the Office of the St. Croix County Register of Deeds."

peals had no practical legal effect on the parties to this appeal.

The controversy between the parties to the appeal and to the review appears to have ended when Boy's Camp conveyed the land. This case falls within the definition of mootness which this court has set forth as follows:

"A moot case has been defined as one which seeks to determine an abstract question which does not rest upon existing facts or rights, or which seeks a judgment in a pretended controversy when in reality there is none, or one which seeks a decision in advance about a right before it has actually been asserted or contested, or a judgment upon some matter which when rendered for any cause cannot have any practical legal effect upon the existing controversy." *Wisconsin E. R. Bd. v. Allis Chalmers W. Union*, 252 Wis. 436, 440, 32 N.W.2d 190 (1948), quoted with approval in *Fort Howard Paper Co. v. Fort Howard Corp.*, 273 Wis. 356, 360, 77 N.W.2d 733 (19—) ; *State ex rel. Ellensburg v. Gagnon*, 76 Wis.2d 532, 535, 251 N.W.2d 773 (1976) ; and *In Matter of K. H.*, 98 Wis.2d 295, 300, 280 N.W.2d 786, 296 N.W.2d 746 (1980).

This court may retain a review for determination of an issue even though the review has become moot where, *e.g.*, "the issues are of great public importance, *State v. Seymour*, 24 Wis.2d 258, 261, 128 N.W.2d 680 (1964), . . . the constitutionality of a statute is involved, *Doering v. Swoboda*, 214 Wis. 481, 253 N.W. 657 (1934), or . . . the precise situation under consideration arises so frequently that a definitive decision is essential to guide trial courts, *Carlyle v. Karns*, 9 Wis.2d 394, 101 N.W.2d 92 (1960)," *Milwaukee Pro. Firefighters Local 215 v. Milwaukee*, 78 Wis.2d 1, 15, 253 N.W.2d 481 (1977). None of the exceptions to the "dismiss for mootness" rule is applicable here. Were we to deem the issue reviewable, we would be reluctant to decide it in the ab-

sence of the Village, the present owner of the land which is the subject of the dispute, as a party. While a question may arise in the future as to whether the Village's use of the land complies with the protective covenants, that question was not properly before the court of appeals and is not properly before this court on review.

The petitioners argue that the case is not moot because petitioners are entitled to damages for defendant's alleged "attempts" to transfer the property contrary to the covenants. On review of the pleadings, we reject this contention. Assuming without deciding that money damages may be obtained for an "attempted" violation of the protective covenants, we conclude that petitioners' allegations in the first claim, even under the rules of liberal construction, are insufficient to state a claim for relief. Sec. 802.02(1), Stats. 1979–80, governing claims for relief, provides as follows:

"Sec. 802.02  (1) . . . A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (a) a short and plain statement of the claim, identifying the transaction, occurrence or event or series of transactions, occurrences, or events out of which the claim arises and showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which the pleader deems to be entitled. Relief in the alternative or of several different types may be demanded."

The Judicial Council Committee's Note, 1974, sec. 802.02, Stats. 1979–80, explains the philosophy of pleading embodied in sec. 802.02(1) as follows:

"Sub. (1) does away with the 'ultimate fact' pleading rule of s. 263.03 and adopts the pleading philosophy of the Federal Rules of Civil Procedure. Under that philosophy the complaint must still show a justifiable claim for relief; it must still contain a statement of the general factual circumstances in support of the claim presented. However, in general, it may be said that less

particularity is required under this statute than is required under s. 263.03. Hence, the motion to make more definite will be less frequently granted. . . ."

The allegations in the first claim do not contain a statement of "the general factual circumstances in support of the claim presented." The bare allegation of attempt, cooperation or encouragement is not a statement of the series of events out of which the claim arises. The complaint simply states conclusions which, standing alone, have little significance. *Kranski v. Skowlund,* 98 Wis.2d 435, 437, 297 N.W.2d 189 (1980) ; *Wilson v. Continental Ins. Co.,* 87 Wis.2d 310, 319, 321, 274 N.W.2d 679 (1979).

Petitioners fare no better if we look at the other two claims set forth in the complaint.

The second claim appears to assert a claim for fraudulent misrepresentation. We conclude that the allegations are inadequate. The allegations in the complaint do not constitute allegations that the defendant made representations of fact, that the representations were untrue, and that the petitioners believed such representations to be true and relied thereon to their damage. *Whipp v. Iverson,* 43 Wis.2d 166, 169–170, 168 N.W.2d 201 (1969).

The third claim alleging conspiracy must be dismissed because petitioners have failed to allege the formation and operation of the conspiracy, the wrongful act or acts done in the execution of the conspiracy, and that the purpose of the conspiracy was accomplished. *Onderdonk v. Lamb,* 79 Wis.2d 241, 247, 248, 255 N.W.2d 507 (1977).

For the reasons set forth, we hold that the case was moot on appeal and is moot on review. Although the transfer of land which rendered the case moot was accomplished prior to the issuance of the decision of the court of appeals, the court of appeals was not advised

of the transfer and did not have an opportunity to consider the issue of mootness on which we decide this case. Had it been fully advised, the court of appeals would have dismissed the appeal. Accordingly, we dismiss the review and vacate the decision of the court of appeals.

*By the Court.*—Review dismissed; decision of the court of appeals vacated.