STATE of Wisconsin, Plaintiff-Respondent,

v.

James P. WICKSTROM, Defendant-Appellant.†

Court of Appeals

*No. 83–1500–CR. Submitted on briefs January 16, 1984.—
Decided March 6, 1984.*
(Also reported in 348 N.W.2d 183.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Gerhardt F. Getzin* and *Getzin & Jannetta* of Wausau.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Douglas Haag,* assistant attorney general, special prosecutor for Shawano county.

Before Foley, P.J., Dean and Cane, JJ.[1]

CANE, J.  James P. Wickstrom appeals a judgment convicting him of two counts of violating sec. 946.69(1), Stats., and imposing consecutive sentences of nine months for each conviction. Wickstrom challenges the judgment on three procedural grounds, arguing that (1) the trial court did not have jurisdiction because the attorney general had no statutory authorization to prosecute this case; (2) the trial court erroneously vacated an initial determination that he was indigent; and (3) the complaint was improperly amended. Wickstrom also challenges the judgment, arguing that the state failed to

---

[1] Wickstrom's motion for a 3-judge panel was granted by Chief Judge Scott.

prove he violated sec. 946.69(1)[2] because the offices he claimed to assume were those of a fictitious township and therefore not "public offices" as the statute requires. Alternatively, he argues that sec. 946.69(1) is unconstitutionally vague and overbroad. Finally, Wickstrom argues that the trial court abused its sentencing discretion by relying on improper factors. We conclude that the statute is constitutional. We also conclude that the trial court did not commit any procedural errors, properly interpreted sec. 946.69(1), and considered appropriate sentencing criteria supporting its imposed sentence. The judgment is therefore affirmed.

After being defeated in an election for chairman of the Town of Fairbanks in Shawano County, Wickstrom had a local weekly newspaper print a "Public Notice" of the creation of the "Constitution Township of Tigerton Dells" and of a meeting to elect officers for the Constitution Township. The notice stated that it was "drafted and given by James P. Wickstrom," the "acting clerk" of the Constitution Township. A meeting was held at which Wickstrom participated and was elected town clerk and municipal judge of the Constitution Township.

Wickstrom subsequently took a number of actions indicating that he assumed to act as a public officer. His actions included having published in a local paper a "Constitution Township" ordinance and an application for a liquor license; "issuing" a liquor, a bartender or "operator's," and a cigarette license; filing or attempting to file, with various legitimate local and state offices, documents captioned "Official Oath of Municipal Judge," "Official Municipal Court Bond," and "Constitution

---

[2] Section 946.69(1), Stats., provides:

Falsely assuming to act as public officer or employe. Whoever does any of the following is guilty of a Class A misdemeanor:

(1) Assumes to act in an official capacity or to perform an official function, knowing that he is not the public officer or public employe he assumes to be.

Township of Tigerton Dells Land Title Document," each indicating that Wickstrom was a municipal judge or town clerk. Wickstrom also sent correspondence to various legitimate public officials using the title "town clerk" and threatened the Shawano county clerk with federal court action if she did not cooperate with his demand for official printed ballots.

Many of Wickstrom's actions were taken after the attorney general issued his opinion, reported in a Shawano newspaper, that the Constitution Township was not organized pursuant to the specific statutory procedures provided for creating new towns, that the Constitution Township was fictitious, and that the actions taken by its purported officers had no legal effect. Some of the documents Wickstrom submitted for filing were rejected for this reason.

The original complaint charged both Wickstrom and Donald Minniecheske with violating sec. 946.69(1). Eventually, the trial court appointed three assistant attorneys general as special prosecutors in this matter at the request of the Shawano County district attorney pursuant to sec. 59.44(2), Stats. The trial court allowed an amended complaint that was filed a week before trial. It severed Minniecheske as a co-defendant and charged two counts against Wickstrom, one each for assuming to act as a town clerk and as a municipal judge.

An assistant state public defender initially determined Wickstrom to be indigent, based on Wickstrom's affidavit. Subsequently, the public defender obtained a court review of Wickstrom's indigency determination. The trial court later reversed the determination of indigency and Wickstrom obtained private representation. At one point in the pretrial proceedings, Wickstrom told the court that he had plans to set up townships in other states. At another, Minniecheske served the first judge

presiding in this case a "subpoena" for a "Citizens Grand Jury." Wickstrom signed the document using the title "Judge."

A jury found Wickstrom guilty on both counts, and a judgment of conviction was entered. Wickstrom received the maximum nine-month sentence on each count, the sentences to be served consecutively.

We will first consider Wickstrom's procedural arguments. After addressing his arguments regarding the construction and constitutionality of sec. 946.69(1), we will consider his challenge to the sentence.

## AUTHORITY OF PROSECUTORS

Wickstrom argues that the assistant attorneys general were without authority to prosecute this action and that the trial court therefore lacked jurisdiction. He notes that unless the power to prosecute a specific action is granted by statute, the attorney general is powerless to act. *See In re Sharp*, 63 Wis. 2d 254, 261, 217 N.W.2d 258, 262 (1974).

The trial court properly denied Wickstrom's motion to dismiss for lack of jurisdiction. This was not a case prosecuted by the attorney general or the Justice Department. The trial court, on the motion of the district attorney who initiated Wickstrom's prosecution, appointed three assistant attorneys general as special prosecutors under sec. 59.44(2), Stats. That subsection provides that a judge may, upon application of the district attorney, "appoint counsel to assist the district attorney in the prosecution of persons charged with a crime." Nothing in the statute precludes appointing persons who are employed as assistant attorneys general. The three special prosecutors were appointed to represent the dis-

trict attorney's office. They acted only with the authority of the district attorney. The trial court did not appoint the attorney general or the Department of Justice to prosecute this matter.

## INDIGENCY QUESTION

Since Wickstrom was able to obtain counsel to represent him at trial, the alleged errors in the trial court's determination that he was ineligible for state public defender representation have become moot questions. *See Ziemann v. Village of North Hudson,* 102 Wis. 2d 705, 712, 307 N.W.2d 236, 240 (1981). This court generally will not render a decision on a moot issue because it would be advisory and would not determine an existing controversy. *Hahner v. Board of Education,* 89 Wis. 2d 180, 185–86, 278 N.W.2d 474, 476 (Ct. App. 1979). Where the issue is of great importance or the situation involved arises so frequently that a definitive decision is essential to guide trial courts, review may be had despite mootness. *Ziemann,* 102 Wis. 2d at 712, 307 N.W.2d at 240. The issue of whether a defendant, whose appointed counsel seeks review of an initial indigency determination, is entitled to separate representation for purposes of that review meets these criteria. We therefore address this issue. We will not consider the other issues Wickstrom raises concerning the trial court's review of the indigency determination.

Wickstrom argues that, after an initial determination of indigency, it was a conflict of interest for the assistant state public defender to support review of the indigency determination. Wickstrom recognizes that sec. 977.07(3), Stats., permits the state public defender to move for review of an initial determination of indigency. He argues, however, that the alleged conflict deprived

him of his right to be represented by an attorney during the indigency proceedings and that the state public defender should have appointed another attorney to represent him at that point. Wickstrom also argues that it was a conflict of interest for the same assistant state public defender to represent both Wickstrom and codefendant Minniecheske.

An accused is entitled to counsel at any critical stage of the prosecution. *McMillian v. State*, 83 Wis. 2d 239, 244, 265 N.W.2d 553, 556 (1978). A pretrial proceeding is a critical stage if the accused's right to meaningfully cross-examine adverse witnesses and to have effective counsel at the trial itself require the presence of counsel at the proceeding. *Id.* "The fundamental purpose of the right to counsel is to insure reliable guilt determination." *Browne v. State*, 24 Wis. 2d 491, 511, 129 N.W.2d 175, 184 (1964), *reh'g denied*, 24 Wis. 2d 491, 131 N.W.2d 169 (1965), *cert. denied*, 379 U.S. 1004 (1965), *reh'g denied*, 380 U.S. 959 (1965).

Wickstrom had no right to counsel at the hearing on review of the indigency determination. The purpose of the hearing was to determine if Wickstrom was indigent. The court's review of an initial determination does not change the nature of the proceeding. No witness testified concerning Wickstrom's guilt. The indigency proceeding was not a critical stage in the prosecution at which Wickstrom was entitled to counsel. This disposes of his challenges to the trial court's determination on both allegations of conflict of interest.

## AMENDMENT OF COMPLAINT

Wickstrom argues that the trial court's order allowing the complaint to be amended was an abuse of discretion because it was made without giving him notice or an

opportunity to be heard on the amendment, because he was allowed no time to file motions challenging the sufficiency of the amended complaint, and because the amendment was prejudicial to him since it charged two counts instead of one. We reject these arguments.

The purpose of the charging document is to inform the accused of the acts he allegedly committed and to enable him to understand the offense charged so he can prepare his defense. *State v. Waste Management of Wisconsin, Inc.,* 81 Wis. 2d 555, 566, 261 N.W.2d 147, 151 (1978) ; *see also Byrd v. Israel,* 513 F. Supp. 1077, 1082 (E.D. Wis. 1981). The charging document may be amended if there is no prejudice to the defendant. *Wagner v. State,* 60 Wis. 2d 722, 726, 211 N.W.2d 449, 452 (1973). When an amendment to the charging document does not change the crime charged, and when the alleged offense is the same and results from the same transaction, there is no prejudice to the defendant. *See Byrd,* 513 F. Supp. at 1083.

Wickstrom argues that changing the single-count complaint to a two-count complaint, thereby doubling the maximum penalty he faced if convicted, was prejudicial. There is no Wisconsin case deciding this issue.[3] We see

[3] Other states have dealt with amendments that added counts to complaints and concluded that the addition, without more, does not amount to prejudice. *Cf. Wilkinson v. Vesey,* 295 A.2d 676, 692 (R.I. 1972) (adding res ipsa loquitur count to malpractice complaint at close of plaintiffs' case); *Bryant v. Moss,* 329 So. 2d 538, 540 (Ala. 1976) (adding statutory claim at close of evidence did not surprise, therefore caused no prejudice); *National Distillers and Chemical Corp. v. American Laubscher Corp.,* 338 So. 2d 1269, 1275 (Ala. 1976) (adding charge of fraud on plaintiff to charges of fraud on government and fraud on government and plaintiff together caused no prejudice); *State v. Niblock,* 631 P.2d 661, 667 (Kan. 1981) (not error to allow prosecutor to add a crime without a hearing if defendant fails to show prejudice).

no reason to grant a criminal defendant the right not to be charged with as many counts as the state can make a case for simply because the state made a drafting error. Notice to the defendant of the nature and cause of the accusations is the key factor in determining whether an amended charging document has prejudiced a defendant. *Whitaker v. State,* 83 Wis. 2d 368, 373–74, 265 N.W.2d 575, 578–79 (1978). When the defendant has such notice, there is no prejudice in allowing the state to amend the complaint to charge additional counts supported by the original complaint. Wickstrom's ability to defend against the prosecution was not adversely affected by the amendment.

The trial court's failure to require notice to Wickstrom and an opportunity for him to be heard before allowing the amendment was not an abuse of discretion. The notice factor referred to in *Whitaker* concerns the right of the defendant to be apprised of the charge against him and not the notification that the state plans a procedural move that does not prejudice him. Neither sec. 971.29, Stats., nor any other law requires notice and hearing before the court may order an amendment to the complaint not prejudicing the defendant.

The trial court was not required to ensure that Wickstrom had ten days before trial to challenge the sufficiency of the amended complaint. *State v. Mudgett,* 99 Wis. 2d 525, 532, 299 N.W.2d 621, 625 (Ct. App. 1980), imposed a ten-day requirement, but involved a defendant who was initially issued a traffic citation that was insufficient as a criminal complaint, and then was prosecuted at a later stage in the proceeding for a traffic crime. The ten-day requirement of *Mudgett* does not apply to this case. Throughout the prosecution, Wickstrom was charged with violating sec. 946.69(1). He

exercised his right to challenge the sufficiency of the complaint alleging his offense. The amendment charging two counts based on the same allegations did not deprive him of that right.

## CONSTRUCTION OF SEC. 946.69(1), STATS.

The trial court instructed the jury that they could find Wickstrom guilty even if the specific offices he allegedly assumed to act under were nonexistent. Wickstrom argues that because the offices he assumed to function in were those of a nonexistent township, he did not violate sec. 946.69(1). We agree with the trial court.

The construction of a statute is a question of law that we review independently of the trial court. *Nelson v. Union National Bank,* 111 Wis. 2d 313, 315, 330 N.W.2d 225, 226–27 (Ct. App. 1983). The words of a statute are the primary source for its construction. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981). Section 946.69(1) makes a person who "assumes to act in an official capacity or to perform an official function, knowing that he is not the public officer or public employee he assumes to be," guilty of a Class A misdemeanor.

The statute prohibits falsely acting in an official capacity or performing an official function, as Wickstrom did. It would be unreasonable to construe the statute to apply only to those who falsely act as a particular public official of an existing governmental unit. The statute does require the defendant to know that he was not the "public officer" he assumed to be. The prohibition, however, is aimed at certain conduct and is not tied to a specific, existing town office. The scienter portion of the statute does not modify the prohibition except to require that the offender know he did not have

the authority to act in an official capacity or to perform an official function because he did not hold a public office that would confer such authority. If inclusion of the term "public officer" narrowed the statute's application as Wickstrom contends, it would be a simple matter for pretenders to avoid the statute's prohibition by failing to specify the governmental unit under which they claimed authority for their acts. The rule that requires penal statutes to be narrowly construed does not require that words be given such a narrow technical meaning, in blatant disregard of their context, that the obvious intent of the legislature is frustrated. *State v. Wachsmuth*, 73 Wis. 2d 318, 330, 243 N.W.2d 410, 417 (1976).

## CONSTITUTIONAL VALIDITY OF SEC. 946.69(1), STATS.

Wickstrom argues that sec. 946.69(1) is unconstitutionally vague and overbroad if it applies to persons assuming to act as public officers when the individual office they claim does not actually exist. He argues that the statute is therefore either void or must be so narrowly construed as to bar prosecution in this case. We disagree.

### 1. Vagueness

We must indulge every presumption to sustain the constitutionality of a statute. One who challenges the validity of a statute has the burden of showing beyond a reasonable doubt that the statute is unconstitutional. *Wisconsin Bingo Supply and Equipment Co. v. Bingo Control Board,* 88 Wis. 2d 293, 301, 276 N.W.2d 716, 719 (1979); *J.F. Ahern Co. v. Wisconsin State Building Commission,* 114 Wis. 2d 69, 100, 336 N.W.2d 679, 694 (Ct. App. 1983). Before a court can invalidate a crimi-

nal statute because of vagueness, it must conclude that, because of some ambiguity or uncertainty in the gross outlines of the conduct prohibited by the statute, persons of ordinary intelligence do not have fair notice of the prohibition and those who enforce the laws and adjudicate guilt lack objective standards and may operate arbitrarily. *State v. Popanz,* 112 Wis. 2d 166, 172–73, 332 N.W.2d 750, 754 (1983). A statute is not unconstitutional because it fails to define all of its terms, the meaning of which may be determined by common usage ascertained by reference to a recognized dictionary. A statute is not unconstitutional merely because the boundaries of the prohibited conduct are somewhat hazy. *State v. Kay Distributing Co.,* 110 Wis. 2d 29, 34, 327 N.W.2d 188, 192 (Ct. App. 1982). It is neither necessary nor possible to define the boundaries of prohibited conduct with mathematical precision, and a fair degree of definiteness is all that is required in criminal statutes. *State v. Ehlenfeldt,* 94 Wis. 2d 347, 355, 288 N.W.2d 786, 789–90 (1980).

Section 946.69 (1) is not unconstitutionally vague. Wickstrom attempts to demonstrate vagueness by characterizing as hazy the terms "official capacity" and "official function." He argues that the statute allows political repression of groups like the Posse Comitatus while leaving unpunished "innocent incidents of conduct also within the hazy prohibition," such as the activities of youth groups that play the roles of legislators and governor at an annual event. Persons of ordinary intelligence, by reference to the definitions of "official," "capacity," and "function" in Websters New Collegiate Dictionary, 797, 164, and 465 (1977), can determine that sec. 946.69 (1) prohibits issuing cigarette, bartender, and liquor licenses and filing papers and publishing notices falsely designating oneself as a town official. They can

tell that the statute does not prohibit the mere simulation of the legislative process or other official functions without assuming to take official action. Persons of ordinary intelligence can also determine that the statute prohibits an individual from falsely assuming to perform the official functions of a town clerk or municipal judge, since these are public offices in Wisconsin, regardless of whether a town or municipality is specified. It does not prohibit an individual from assuming to perform the official function of positions that are not public offices in Wisconsin.

### 2. Overbreadth

A statute is overbroad if its language is so broad that it discourages conduct expressly protected by the constitution. *State v. Killory,* 73 Wis. 2d 400, 407, 243 N.W.2d 475, 480 (1976). We must consider whether the statute could possibly be applied so broadly as to invade the area of constitutionally protected freedoms. *State v. Zwicker,* 41 Wis. 2d 497, 509, 164 N.W.2d 512, 518 (1969), *appeal dismissed,* 396 U.S. 26 (1969).

Section 946.69 (1) is not unconstitutionally overbroad. It is directed at conduct, not speech. It penalizes falsely assuming to *act* in an official capacity or to *perform* an official function. Merely propounding unpopular views will not qualify for conviction. Although Wickstrom's illegal acts may have been related to his political beliefs, impersonating a public official is not the kind of conduct reasonable persons would consider an appropriate form of expression. Although the statute can prohibit conduct that may be related to political beliefs, constitutional liberties are not necessarily abridged. *See Zwicker,* 41 Wis. 2d at 509, 164 N.W.2d at 518. In *Zwicker,* the supreme court upheld the constitutional validity of a

disorderly conduct statute that had been enforced against anti-war demonstrators. The court stated that:

Constitutionally protected rights, such as freedom of speech and peaceable assembly, are not the be all and end all. They are not an absolute touchstone. The United States Constitution is not unmindful of equally important interests such as public order. To recognize the rights of freedom of speech and peaceable assembly as absolutes would be to recognize the rule of force; the rights of other individuals would vanish.

Certain activities are outside the protection of the first and fourteenth amendments, and "general regulatory statutes, not intended to control the content of speech but incidently limiting its unfettered exercise" are permissible "when they have been found justified by subordinating valid governmental interests." *Konigsberg v. State Bar of California* (1961), 366 U.S. 36, 50, 81 S. Ct. 997, 1007, 6 L. Ed. 2d 105, 116.

*Id.* Any arguable interests that persons might have in expressing their beliefs by falsely performing the functions of public officials are subordinate to the valid governmental interests in public order and in ensuring that people can rely on the authority of those who are identified as public officials.

### SENTENCING

The trial court has great discretion in passing sentence. *State v. Jackson,* 110 Wis. 2d 548, 552, 329 N.W.2d 182, 185 (1983). There is a strong policy against interference with the trial court's sentencing. The trial court is presumed to have acted reasonably, and the defendant can only rebut the presumption by showing an unreasonable or unjustifiable basis for the sentence in the record. *Elias v. State,* 93 Wis. 2d 278, 281–82, 286 N.W.2d 559, 560 (1980). An abuse of discretion is demonstrated when the record shows that no discretion was exercised by the

trial court, that a decision was made without the underpinnings of explained judicial reasoning, *Anderson v. State,* 76 Wis. 2d 361, 363–64, 251 N.W.2d 768, 769–70 (1977), that the sentence was based on clearly irrelevant or improper factors, *Elias,* 93 Wis. 2d at 282, 286 N.W.2d at 561, or when the sentence is so disproportionate to the crime as to shock public sentiment, *State v. Killory,* 73 Wis. 2d 400, 408, 243 N.W.2d 475, 481 (1976). On the other hand, an appellate court has a duty to affirm the sentence if facts of record show it is sustainable as a proper discretionary act. *McCleary v. State,* 49 Wis. 2d 263, 282, 182 N.W.2d 512, 522 (1971). The trial court will be upheld if it engaged in a process of reasoning based on legally relevant factors. *Anderson,* 76 Wis. 2d at 364, 251 N.W.2d at 770.

The primary factors to be considered in sentencing are the gravity of the offense, the character of the offender, and the need for protection of the public. *Elias,* 93 Wis. 2d at 284, 286 N.W.2d at 561. Elements of these factors include the defendant's personality, character and social traits, the results of the presentence investigation, the vicious or aggravated nature of the crime, the degree of the defendant's culpability, the defendant's demeanor at trial, the defendant's remorse, and the rights of the public. *Killory,* 73 Wis. 2d at 408, 243 N.W.2d at 481. The weight to be given each factor is within the discretion of the trial court. The sentence may be based on any or all of the three primary factors after all relevant factors have been considered. *Anderson,* 76 Wis. 2d at 367, 251 N.W.2d at 771; *State v. Lynch,* 105 Wis. 2d 164, 168, 312 N.W.2d 871, 873 (Ct. App. 1981).

The trial court did not abuse its discretion by noting Wickstroms' lack of remorse. The trial court did not attempt to compel an admission of guilt from Wickstrom as occurred in *Scales v. State,* 64 Wis. 2d 485, 219 N.W.2d

286 (1974). The comments were made in the context of considering personal deterrence and whether efforts at rehabilitating Wickstrom would be successful. Unlike the situation in *Scales,* the observation concerning Wickstrom's lack of remorse was only one of many factors considered by the trial court. Although Wickstrom received the maximum sentence, this case is more like *State v. Baldwin,* 101 Wis. 2d 441, 459, 304 N.W.2d 742, 752 (1981), where the supreme court noted the trial court's "obligation to consider factors such as the defendant's demeanor, his need for rehabilitation, and the extent to which the public might be endangered by his being at large. . . . A defendant's attitude towards the crime may well be relevant in considering these things." *See also State v. McClanahan,* 54 Wis. 2d 751, 759, 196 N.W.2d 700, 703 (1972). We do not agree with Wickstrom's contention that *Scales* and *Baldwin* are inconsistent and cannot be resolved.

The trial court did not err in characterizing Wickstrom's crime as aggravated, even though it involved no violence. Nothing precludes the trial court from using the term in connection with nonviolent crime. The legislature intended that maximum sentences be reserved for a more *aggravated* breach of the statutes. *McCleary,* 49 Wis. 2d at 275, 182 N.W.2d at 519. The trial court's use of this term helps explain why it felt the maximum sentence was appropriate.

Finally, Wickstrom argues that he was sentenced for expressing his beliefs. He cites the trial court's use of the term "insidious beliefs" and its statement that "Wickstrom is dangerous because he expresses a position which is contrary to our form of government."

Although the remarks may be interpreted differently, we must presume that the trial court acted reasonably.

*See Elias,* 93 Wis. 2d at 281–82, 286 N.W.2d at 560. We conclude that the references to Wickstrom's beliefs and position were intended to refer to Wickstrom's belief that he could exercise authority reserved to those upon whom the state, through its political subdivisions, confers authority. A belief that one is above the law is indeed insidious. The expression of the belief bears directly on the possibility of rehabilitation and is evidence of the danger Wickstrom will pose to the public if he believes he can violate its laws with impunity. The trial court's remarks relate to proper sentencing considerations.

*By the Court.*—Judgment affirmed.