STARK, P.J.[1]
¶1 Brian Smits appeals a judgment convicting him of two counts of obstructing an officer and an order denying his motion for postconviction relief. Smits argues the circuit court erred by permitting the State to amend the complaint after the close of evidence to add a second obstructing charge. We conclude the court properly exercised its discretion by permitting the amendment, and the amendment did not violate Smits' right to due process. We therefore affirm.
BACKGROUND
¶2 A criminal complaint charged Smits with three counts: obstructing an officer; operating a motor vehicle while intoxicated (OWI), as a second offense; and operating with a prohibited alcohol concentration (PAC), as a second offense. The complaint's probable cause section alleged that Ashwaubenon police officer Landon Gonnering stopped a vehicle driven by Smits after it failed to stop at a red light. Gonnering ultimately placed Smits under arrest for OWI.
¶3 When Gonnering informed Smits that his vehicle would be towed, Smits "got upset and unbuckled himself from the back of the squad car and tried to get out." Smits began yelling at Gonnering and calling him a liar. When Gonnering told Smits to get back into the squad car, Smits "continued to yell and be uncooperative." Thereafter, Smits tried to get out of the squad car again, at which point Gonnering and another officer "had to lift [Smits] into the car and shut the doors because he was kicking and screaming."
¶4 Gonnering then transported Smits to a local hospital for a blood draw. At the hospital, Smits continued being uncooperative, including by using profanity, yelling, and acting aggressive. When Gonnering informed Smits that he had obtained a warrant to draw Smits' blood but refused Smits' request to view the warrant, Smits "stood up and became uncooperative," forcing Gonnering and another officer-Chris Sands-to "each [do] a compliance hold on [Smits'] wrists and set him back onto the bed." Smits then began to yell "rape" very loudly, forcing security to shut the door because Smits was "disrupting the entire ER." Smits "had to be forcefully restrained during the blood draw as he was kicking at officers and was extremely uncooperative." Gonnering "attempted to hold [Smits'] right arm for the blood draw and ... attempted to secure [Smits'] head," and he was ultimately forced to lie on top of Smits "so no one was accidentally stuck with the needle." Sands lay "belly to belly on top of [Smits] with his forearm across [Smits'] jaw angling his head to the left" in order to "protect[ ] himself from being head butted or spat on."
¶5 Gonnering was the State's first witness at trial. During a break in his testimony, outside the jury's presence, the circuit court raised a concern that the State's complaint posed a unanimity problem because the jurors could conceivably convict Smits of the single obstructing count based on either his conduct in the squad car or his conduct at the hospital. The court stated, "I believe I'm going to have to sua sponte send two obstructing charges to the jury, and I'll specifically say that the first charge relates to the incident in the squad car." The court continued:
So I'm just advising the parties that given the state of the record at this point ... I'll entertain that [i.e., sending two obstructing charges to the jury]. So we'll see where it ends up, but I want to give everybody notice that that's where I'm going on this thing. So there-we may end up with two separate charges of obstructing, but I'll focus them in the verdicts and in my jury instructions as to these different places.
¶6 Smits' trial then continued, and there was no further mention of adding a second obstructing charge until the jury instruction conference, after both sides had rested. At that point, the circuit court asked the prosecutor whether he intended "to amend also on a disorderly conduct with the testimony with regard to what happened in the emergency room." The prosecutor responded that he would instead prefer to "do what the court suggested[,] which is add a count for obstructing for each of the two incidents."
¶7 The following day, the State filed an amended complaint containing a second obstructing charge. The verdict form expressly informed the jury that the first obstructing charge-Count One-pertained to Smits' conduct "at the scene," whereas the second obstructing charge-Count Four-pertained to his conduct "at the emergency room." The jury ultimately found Smits guilty of both obstructing counts, as well as the OWI and PAC charges.[2] Smits moved for postconviction relief, arguing the circuit court erred by permitting the State to amend the complaint. The court denied Smits' motion following a hearing, and Smits now appeals.[3]
DISCUSSION
¶8 The purpose of a charging document is "to inform the accused of the acts he allegedly committed and to enable him to understand the offense charged so he can prepare his defense." State v. Wickstrom , 118 Wis. 2d 339, 348, 348 N.W.2d 183 (Ct. App. 1984). "At the trial, the court may allow amendment of [a charging document] to conform to the proof where such amendment is not prejudicial to the defendant." WIS. STAT. § 971.29(2). Whether to permit the amendment of a charging document lies within the circuit court's discretion. State v. Flakes , 140 Wis. 2d 411, 416, 410 N.W.2d 614 (Ct. App. 1987). We will affirm as long as the record shows that discretion was exercised and there is a reasonable basis for the court's ruling. Id. at 417.
¶9 Smits concedes that WIS. STAT. § 971.29(2) permits the amendment of a charging document to conform to the proof produced at trial. In addition, he does not dispute that the evidence introduced during his trial was sufficient to support two separate obstructing charges. Instead, Smits cites State v. Duda , 60 Wis. 2d 431, 210 N.W.2d 763 (1973), for the proposition that § 971.29(2) permits only technical, not material, amendments. He argues adding an additional charge to a complaint is a material amendment and thus "cannot be cured by [§] 971.29(2)."
¶10 Smits' reliance on Duda is misplaced. In that case, our supreme court addressed whether a complaint could be deemed amended after the jury reached its verdict, so as to change a charge of bribery of a witness to a charge of solicitation of perjury. Duda , 60 Wis. 2d at 435. In resolving that issue, the court interpreted the second sentence of WIS. STAT. § 971.29(2), which states, "After verdict the pleading shall be deemed amended to conform to the proof if no objection to the relevance of the evidence was timely raised upon the trial." The court held, "We are of the opinion that the sentence regarding amendment after verdict was intended to deal with technical variances in the complaint such as names and dates." Duda , 60 Wis. 2d at 440 (emphasis added). Unlike Duda , this case requires us to apply the first sentence of § 971.29(2), which pertains to amendments "[a]t the trial"-i.e., before the verdict. Duda is therefore inapt.
¶11 Smits also argues the circuit court erred by permitting the State to amend the complaint because the addition of the second obstructing charge prejudiced him. He contends that, due to the addition of the new charge, he was "not only facing an additional conviction, but facing exposure of another nine months." He also asserts there are "further costs associated with an additional criminal conviction" and "future implications, in terms of being charged as a repeater[,] if he were ever charged with a crime in the future."
¶12 Smits' argument in this regard is foreclosed by Wickstrom . In that case, Wickstrom was initially charged with a single count of falsely assuming to act as a public officer, contrary to WIS. STAT. § 946.69, based on allegations that he had falsely claimed to act as both a town clerk and a municipal judge. Wickstrom , 118 Wis. 2d at 343-44. One week before trial, the circuit court permitted the State to amend the complaint to charge two violations of § 946.69 -"one each for assuming to act as a town clerk and as a municipal judge." Wickstrom , 118 Wis. 2d at 344.
¶13 On appeal, Wickstrom argued that "changing the single-count complaint to a two-count complaint, thereby doubling the maximum penalty he faced if convicted, was prejudicial." Id. at 348. We rejected that argument, explaining:
We see no reason to grant a criminal defendant the right not to be charged with as many counts as the state can make a case for simply because the state made a drafting error. Notice to the defendant of the nature and cause of the accusations is the key factor in determining whether an amended charging document has prejudiced a defendant. When the defendant has such notice, there is no prejudice in allowing the state to amend the complaint to charge additional counts supported by the original complaint.
Id. at 348-49 (citation omitted). Wickstrom therefore demonstrates that an increase in the number of convictions or in the defendant's penalty exposure does not constitute prejudice, for purposes of WIS. STAT. § 971.29(2).
¶14 In the alternative, Smits argues he was prejudiced because the State "could not provide proper notice to add a charge ... after the close of evidence." In support of this proposition, he relies on State v. Neudorff , 170 Wis. 2d 608, 611, 489 N.W.2d 689 (Ct. App. 1992), in which we concluded the amendment of a charge on the morning of trial prejudiced the defendant because it did not provide him with sufficient notice to allow him to prepare a defense.
¶15 Neudorff is distinguishable. In that case, Neudorff was initially charged with possession of cocaine with intent to deliver, but the complaint was amended to replace that count with a charge of conspiracy to deliver cocaine. Id. Thus, the amended complaint "presented a new charge with new elements." Id. We observed that, under the conspiracy charge, the State "did not have to prove Neudorff actually possessed cocaine"; it merely had to prove he "intended the delivery of cocaine and conspired with [another individual] to effect the cocaine's delivery." Id. at 614. We also observed that Neudorff may have needed to produce different witnesses to defend against the conspiracy charge than those he produced to defend against the possession charge. Id. at 618. For these reasons, the amendment of the complaint on the morning of trial deprived Neudorff of notice of the charges against him, thus inhibiting his ability to prepare and present a defense.
¶16 The same is not true here. In this case, the original complaint charged Smits with one count of obstructing an officer. However, the complaint's probable cause section alleged two separate incidents that could have formed the basis for the obstructing charge-Smits' conduct at the scene of the traffic stop, and Smits' conduct at the hospital. The complaint did not specify which incident formed the basis for the obstructing charge, and the jury could have convicted Smits of obstructing based on either one of those incidents. Smits therefore should have known, going into trial, that he would need to present a defense to the State's obstructing charge with respect to both incidents. Unlike the amendment in Neudorff , the amendment in this case did not add an entirely new charge with different elements; it simply split the existing obstructing charge into two based upon the facts alleged in the complaint and the proof produced at trial.
¶17 Moreover, Smits does not develop any arguments on appeal that his defense at trial would have been different had he known in advance that the court would be submitting two obstructing charges to the jury instead of one, or that such information would have affected plea negotiations. Under these circumstances, we cannot conclude that the amendment of the complaint to include a second obstructing charge prejudiced Smits by depriving him of notice of the charges against him, therefore impairing his ability to prepare and present a defense or resolve the case. Accordingly, the circuit court did not erroneously exercise its discretion by allowing the amendment.
¶18 Smits nevertheless argues that the addition of the second obstructing charge violated his right to due process. Whether a due process violation has occurred is a question of law that we review independently. State v. Luedtke , 2015 WI 42, ¶37, 362 Wis. 2d 1, 863 N.W.2d 592. "Due process guarantees a criminal defendant the right to notice of the specific charge and a chance to be heard in a trial of the issues raised by that charge." Flakes , 140 Wis. 2d at 422. In this case, we have already determined that, despite the amendment to the complaint after the close of evidence, Smits had notice of the charges against him and was therefore able to present a defense to those charges. Consequently, the amendment did not violate Smits' right to due process.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Pursuant to Wis. Stat. § 346.63(1)(c), Smits was convicted and sentenced on the OWI charge, but not the PAC charge. Smits does not raise any argument on appeal regarding the OWI and PAC charges, and we therefore do not address them further.

Smits also filed a separate postconviction motion alleging that his trial attorney was ineffective, in part by failing to object to the amendment of the complaint. The circuit court denied that motion, and Smits does not raise an ineffective assistance claim on appeal. His failure to do so is curious, because by failing to object to the amendment, it appears Smits forfeited his right to challenge the amendment outside the context of an ineffective assistance claim. See State v. Erickson , 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999) (stating the "normal procedure" in criminal cases is to address forfeiture within the rubric of an ineffective assistance of counsel analysis). However, the State does not argue on appeal that we should analyze Smits' challenge to the amendment using the ineffective assistance framework. Moreover, this court has discretion to address the merits of a forfeited issue, see Apex Elecs. Corp. v. Gee , 217 Wis. 2d 378, 384, 577 N.W.2d 23 (1998), and we choose to do so here.