**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**June 4, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP934-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017CF110

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CARLOS TREVINO,

   DEFENDANT-APPELLANT.

        APPEAL from a judgment of the circuit court for Vernon County: DARCY JO ROOD, Judge. *Affirmed.*

        Before Kloppenburg, Graham, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Carlos Trevino appeals a judgment convicting him of two counts of burglary as party to a crime, one count of theft, and one count of theft as party to a crime. Trevino argues that the circuit court misused its discretion when it allowed an amendment to the information the day before trial. We disagree and affirm the judgment.

## BACKGROUND

¶2 The complaint and original information filed against Trevino in August 2017 charged him with one count of burglary and one count of theft, both as party to a crime, at the Bethel Butikk in Vernon County on or about July 22, 2017. The complaint allegations implicated Trevino and three other individuals. Additionally, the allegations described several previous burglaries and thefts at the Bethel Butikk beginning in June 2017. In January 2018, the State filed an amended information changing the date of the alleged burglary and theft crimes to July 11, 2017.[1]

¶3 On March 20, 2018, two days before trial, the State moved for leave to file a third amended information. The circuit court heard the State's motion the following day, and the State sought to add four additional charges against Trevino for burglary and theft at the Bethel Butikk: one count of burglary and one count of theft, both as party to a crime, between the end of June 2017 and July 10, 2017, and one count of burglary as party to a crime and one count of theft on or about July 19, 2017.

---

[1] The State also filed a second amended information that modified the spelling of Bethel Butikk. We use the modified spelling in this opinion.

¶4 The State asserted that no additional witnesses would be necessary, and it contended that the amendment would not prejudice Trevino. Trevino's counsel objected to the amendment. Counsel conceded that he would not need additional witnesses, and he agreed with the circuit court's statement that "all [he] would have to do is modify [his] preparation just to ask about these additional dates." He argued, however, that he had been preparing for trial based on a single alleged incident, and that he had not prepared to defend against charges for additional dates.

¶5 The circuit court allowed the amendment, concluding that Trevino would not be prejudiced. The court reasoned that the additional charges were all within the same time frame and involved the same witnesses. The court acknowledged that the additional charges might affect Trevino's trial preparation but determined that Trevino could still adequately prepare a defense. The jury found Trevino guilty on four of the six charges.

## DISCUSSION

¶6 Trevino argues that the circuit court misused its discretion when it allowed the amendment to the information the day before trial. For the reasons that follow, we disagree.

¶7 "We will not reverse the [circuit] court's decision to allow an amendment absent an erroneous exercise of discretion." *State v. Frey*, 178 Wis. 2d 729, 734, 505 N.W.2d 786 (Ct. App. 1993). "If the record shows that discretion was exercised and a reasonable basis exists for the [circuit] court's ruling, we will sustain it." *Id.* "[W]hile it may be that we would have decided the [question] differently, that is not the test; it is enough that a reasonable judge could have so

concluded." *State v. Jeske*, 197 Wis. 2d 905, 912, 541 N.W.2d 225 (Ct. App. 1995) (alteration in original).

¶8    "There is a misuse of discretion if the defendant is prejudiced by the amendment." *State v. Neudorff*, 170 Wis. 2d 608, 615, 489 N.W.2d 689 (Ct. App. 1992). "Rights of the defendant which may be prejudiced by an amendment are the rights to notice, speedy trial and the opportunity to defend." *Id.*

¶9    Trevino contends that the amendment to the information the day before trial prejudiced his rights to notice and the opportunity to defend. He argues that the amendment transformed his case from a single criminal transaction on a single date to a series of criminal transactions over a month-long period. He argues that the amendment compromised his trial strategy and required him to prepare a new defense less than twenty-four hours before trial. Neither these arguments nor other similar arguments that Trevino makes persuade us that the circuit court erroneously exercised its discretion.

¶10    First, it was reasonable for the circuit court to determine that Trevino had adequate notice under the circumstances. As the court recognized, the additional charges all fell within the time frame covered by the complaint, and they all related to the same series of burglaries and thefts described in the complaint. The complaint allegations are reasonably read as tying Trevino to the entire series of burglaries and thefts. Thus, the defense had considerable advance notice of allegations supporting the additional charges. "Notice to the defendant of the nature and cause of the accusations is the key factor in determining whether an amended charging document has prejudiced a defendant." *See State v. Wickstrom*, 118 Wis. 2d 339, 349, 348 N.W.2d 183 (Ct. App. 1984). "When the defendant has such

notice, there is no prejudice in allowing the state to amend the complaint to charge additional counts supported by the original complaint." *Id.*

¶11    Second, it was reasonable for the circuit court to conclude that the additional charges would not deprive Trevino of his opportunity to defend. The court reasonably relied on Trevino's concession that no additional witnesses would be necessary, and on Trevino's agreement with the court's statement that "all [Trevino's counsel] would have to do is modify [his] preparation just to ask about these additional dates." Trevino's counsel argued that he had been preparing to defend against only one criminal transaction, but he did not provide the court with any fact-specific showing as to why he would be unable to modify his defense to address the additional charges in time for trial.

¶12    Trevino argues that the factors that led us to reverse in *Neudorff* should lead us to reverse here. We disagree and conclude that the circumstances in *Neudorff* are substantially different. In *Neudorff*, the circuit court allowed the State to amend the information on the morning of trial, changing a charge for possession of cocaine with intent to deliver to a charge for conspiracy to deliver cocaine. *See Neudorff*, 170 Wis. 2d at 612-13. In concluding that the amendment prejudiced the defendant, we relied on several factors that are not present here, including that the original charge and new charge had different elements; that the charges were based on different time periods; that the new charge might require different witnesses; and that the change in the nature of the charges on the morning of trial left the defendant with "no coherent theory of defense to present to the jury." *See id.* at 611, 618-20.

¶13    Separate from his reliance on *Neudorff*, Trevino argues that he was prejudiced because the amendment joined multiple charges, thus increasing his total penalty exposure and increasing the risk that the jury would view him as a bad

person who did something wrong. This argument misses the mark because it does not depend on the timing of the amendment and, therefore, does not address the applicable test for prejudice. As we have stated, the test in this context is whether there is prejudice to the defendant's rights to "notice, speedy trial and the opportunity to defend." *See id.* at 615; *see also* **Wickstrom**, 118 Wis. 2d at 348-49 (an amendment increasing the maximum penalty was not prejudicial when the defendant had adequate notice and the ability to defend).

¶14 In sum, for the reasons stated above, we affirm the judgment of conviction against Trevino.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18)