COURT OF APPEALS
DECISION
DATED AND FILED

October 11, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2215-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CF1489

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

NATHAN T. GRAY,

   DEFENDANT-APPELLANT.

            APPEAL from judgment and an order of the circuit court for Racine County: WYNNE P. LAUFENBERG, Judge. *Affirmed*.

            Before Gundrum, P.J., Grogan and Lazar, JJ.

            **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Nathan T. Gray appeals from a judgment of conviction for possession of child pornography and an order denying postconviction relief. Gray asserts that he is entitled to resentencing because the circuit court failed to consider the required factor of public protection and relied on an improper factor—a victim statement from an individual who was not a victim in his particular case—in imposing his sentence. We conclude that the court sufficiently considered the need to protect the public in determining Gray's sentence. We further conclude that even if the court erred by allowing the submission of the victim statement, Gray has not met his burden to show that the court relied upon this victim statement as a basis for Gray's sentence. Therefore, we affirm.

## BACKGROUND

¶2     Gray pleaded guilty to two counts of possession of child pornography in exchange for the State's agreement to dismiss and read in six additional counts of the same crime and to recommend a sentence of three years of initial confinement followed by seven years of extended supervision. The circuit court accepted Gray's pleas, found him guilty, and ordered a presentence investigation report (PSI). Although the PSI writer acknowledged that "[t]he victims depicted in the images and videos of child pornography possessed by the defendant have not been identified," the PSI included a letter written in 2012 by a nineteen-year-old woman who had been depicted in other pornographic images as a child. This "Victim Statement" includes a description of how that victim felt after learning that images of her exploitation had been widely circulated: paranoid, out of control, sickened, terrified, and unsafe. She asked that those who exploited her "be brought to justice" to deter "others from doing the same and to lessen [her] shame."

2

¶3      Prior to sentencing, Gray objected to the inclusion of this Victim Statement in the PSI in a written letter to the circuit court arguing that "no contextual information has been provided assimilating the author's specific experiences to those at issue in Mr. Gray's case." Gray renewed his objection at the sentencing hearing, where the State took no position on the issue and stated that it had "no objection at all to that not being considered as part of the sentencing." The court stated that it did "understand [the defense's] concern that … it's not an actual victim in one of the many images that [Gray] had on his devices," but described the Victim Statement as a recitation of "common-sense reactions that any judge would be aware of with respect to an adult who becomes aware of the fact that their images as a child were out on pornography sites" and not "overly inflammatory" or "outrageous." The court did not strike the statement from the PSI.

¶4      The circuit court went on to sentence Gray to six years of initial confinement followed by twelve years of extended supervision—longer than the three years of initial confinement recommended by both the State and the defense and shorter than the eight-to-ten years of initial confinement recommended by the PSI writer.[1] In explaining its sentence, the court noted that it had to consider the factors set forth in *State v. Gallion*, 2004 WI 42, ¶44, 270 Wis. 2d 535, 678 N.W.2d 197, including Gray's "rehabilitative needs" as well as "the gravity of these offenses and the protection of the community." The court commended Gray's efforts at rehabilitation from his "terrible addiction … to viewing and possessing child pornography" after his arrest, stating, "I give you credit for addressing that." It then discussed at length the legislative changes to the relevant laws from 1987 onward,

---

[1] The statutory maximum for each count of possession of child pornography is twenty-five years of imprisonment. WIS. STAT. §§ 948.12(1m), 3(a), 939.50(3)(d) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

first making possession of child pornography a felony and then increasing the maximum penalty for each count to twenty-five years and the mandatory minimum for each count to three years of confinement. The court finished this discussion with a remark that these legislative changes reflect the view of lawmakers, as representatives of the citizens of Wisconsin, "that those that create the need that possess [pornographic images of children] and watch that have to go to prison for many, many, many, many years." The court reiterated that it did "have to consider the gravity of these offenses and what the lawmakers in Madison have said" and stated that a message "has to be sent that those that seek to continue to create the need for child pornography have to be answered with prison time."

¶5    Gray filed a postconviction motion for resentencing on the grounds (among others) that the circuit court erroneously exercised its discretion by "failing to consider the need to protect the public while imposing sentence" and by considering the Victim Statement in the PSI, which Gray asserted was "an improper and irrelevant factor." The circuit court denied this motion, stating that it did not consider an improper factor and it did consider the need to protect the public:

> The possession of child pornography is obviously not a victimless crime. The nature of the crime would require a monumental undertaking by law enforcement to find the victims so their voices could be heard at a sentencing. That proposition also would lend itself to traumatizing the victim again, in most cases. As pointed out by this court, it is unlikely that a child victim who has aged into an adult, would eagerly embrace the idea of talking in court, regarding the crime. This is where res ipsa loquitor comes into play. The fact that an older child would have to come to terms, as they age, with how they have been sexually abused, traumatized and exploited is not an incomprehensive concept. The Department of Corrections sought to illustrate that concept with a letter by a young, adult woman who was the victim of child pornography.
>
> This court informed the defendant that a [message] had to be "sent that those that seek to continue to create the need

4

for child pornography have to be answered with prison time." While this court did not state the "protection of the community" warrants a prison sentence due to the defendant creating the demand for child pornography, the language that the court used addresses that criteria. Again, res ipsa loquitor. The demand for child pornography creates the continued sexual abuse and assault of children, on camera, and distribution of such images. These children are members of the community and hence need protection.

Gray appeals, raising these two arguments regarding the propriety and sufficiency of the sentencing factors considered by the circuit court.

## DISCUSSION

¶6      A circuit court exercises discretion in sentencing; "[o]n appeal, our review is limited 'to determining if discretion was erroneously exercised.'" *State v. Ziegler*, 2006 WI App 49, ¶22, 289 Wis. 2d 594, 712 N.W.2d 76 (quoting *Gallion*, 270 Wis. 2d 535, ¶17). A court properly exercises discretion when it reaches a logical conclusion using a process of reasoning based on the facts of record (and those reasonably derived therefrom) and proper legal standards. *Ziegler*, 289 Wis. 2d 594, ¶21. When discretion has been properly exercised, this court "follows a consistent and strong policy against interference with the discretion of the [circuit] court in passing sentence." *Gallion*, 270 Wis. 2d 535, ¶18 (quoting *McCleary v. State*, 49 Wis. 2d 263, 281, 182 N.W.2d 512 (1971)).

¶7      Relevant to Gray's argument that the circuit court in his case did not consider the necessary factor of protection of the public in determining his sentence, Gray is correct that public protection (along with the rehabilitative needs of the defendant and the gravity of the offense) is a required factor that a sentencing court

5

must consider in deciding an appropriate sentence.[2]  *See **State v. Bolstad***, 2021 WI App 81, ¶14, 399 Wis. 2d 815, 967 N.W.2d 164; WIS. STAT. § 973.017(2).  Failure to consider a required factor constitutes an erroneous exercise of sentencing discretion.  ***Bolstad***, 399 Wis. 2d 815, ¶23.  However, a court may base its sentence on "any or all of the three" required factors.  ***State v. Wickstrom***, 118 Wis. 2d 339, 355, 348 N.W.2d 183 (Ct. App. 1984).  "We are obliged to search the record to determine whether in the exercise of proper discretion the sentence imposed can be sustained."  ***McCleary***, 49 Wis. 2d at 282.

¶8      In ***Gallion***, our supreme court reiterated its mandate from the pivotal ***McCleary*** case that "in order to have a valid sentence there must be 'a statement by the [circuit court] judge detailing his reasons for selecting the particular sentence imposed.'"  ***Gallion***, 270 Wis. 2d 535, ¶22 (quoting ***McCleary***, 49 Wis. 2d at 281). The rationale for a sentence must be set forth on the record explicitly.  ***Gallion***, 270 Wis. 2d 535, ¶38; ***Ziegler***, 289 Wis. 2d 594, ¶25; *see also* WIS. STAT. § 973.017(10m)(a) (2021-22) ("The court shall state the reasons for its sentencing decision and … shall do so in open court and on the record.").  However, ***Gallion*** and the cases following it have also made clear that "magic words" are neither required nor sufficient.  *See **Gallion***, 270 Wis. 2d 535, ¶37 (stating that adherence to ***McCleary*** standard would no longer be assumed just because "magic words" of required factors were stated on the record); ***Bolstad***, 399 Wis. 2d 815, ¶16 (stating that proper discretion can exist without specifically reciting the required factors). Whether the sentencing court recites the required factors or not, what is necessary

---

[2] Gray does not dispute that the circuit court adequately set forth on the record its consideration of Gray's rehabilitative needs and the severity of the crime.  The court also considered other permissible (but not required) factors, including "that any prison time [Gray] serve[s] is going to have a great impact on [him]."  *See **State v. Harris***, 119 Wis. 2d 612, 623-24, 350 N.W.2d 633 (1984) (listing additional legitimate sentencing factors, including the defendant's personality, that a court can consider).

to show a proper exercise of discretion is an indication that the court "actually considered those factors when imposing sentence." *Bolstad*, 399 Wis. 2d 815, ¶20.

¶9     We conclude that the circuit court in Gray's case both considered the required factor of protection of the public and sufficiently explained its rationale for Gray's sentence, including the impact of that factor, to comport with *Gallion* and its progeny. At Gray's sentencing hearing, the court noted on the record the required factors it had to consider, including among them "protection of the community." It then explained that it was imposing a sentence longer than the one jointly recommended by the parties (albeit below the sentence recommended in the PSI) due primarily to the severity of the crime[3] and the need to deter people from consuming child pornography, which it stated "create[s] the need" or demand for images of "children, babies and toddlers" "being sodomized, being raped, [and] being [sexually] exploited." Reading the transcript as a whole, it is clear that the court viewed imposition of a sentence including six years of initial confinement as a way to deter others from seeking out child pornography and to stem the demand for child pornography (both Gray's and others'), thereby protecting children— members of the public—from exploitation. *See **State v. Whitaker***, 2022 WI 54, ¶18, 402 Wis. 2d 735, 976 N.W.2d 304 ("Here, general deterrence logically ties in with a second sentencing goal:  public protection.").

¶10     We are satisfied that the circuit court considered all of the required sentencing factors, including public protection, which was one of the two factors it found most compelling to necessitate a sentence longer than that recommended by

---

[3] The court clearly viewed Gray's crime as very severe, which is reflected in its discussion of the legislature's treatment of child pornography possession, the very young ages of the victims in the images possessed by Gray (between four and nine years of age in some images and "babies and toddlers" in others), and the large number of images—hundreds, over at least a period of at least three or four years—that Gray possessed.

the parties. As with other sentences affirmed by this court, we are not "left to wonder" why the court imposed the sentence that it did. *See Ziegler*, 289 Wis. 2d 594, ¶¶32-33 (affirming a sentence in which the court used the recommendations of counsel and a PSI report as touchstones but explained its departure from those recommendations based mostly on the defendant's character and the need to protect the public). Nor is this a case in which the court explicitly identified each of the required factors without adequately discussing their effect on the sentence imposed. *See Bolstad*, 399 Wis. 2d 815, ¶20; *see also State v. Odom*, 2006 WI App 145, ¶¶21, 25, 294 Wis. 2d 844, 720 N.W.2d 695 (court's comment that "the risk of reoffense is extremely high here" satisfied requirement of consideration of the need to protect the public).

¶11     Gray's other argument is that the circuit court considered an irrelevant factor, namely the Victim Statement in the PSI from someone who was not a victim in this particular case, in imposing his sentence. "When discretion is exercised on the basis of clearly irrelevant or improper factors, there is an erroneous exercise of discretion." *Gallion*, 270 Wis. 2d 535, ¶17. "A defendant bears the burden of proving, by clear and convincing evidence, that the sentencing court actually relied on irrelevant or improper factors." *State v. Alexander*, 2015 WI 6, ¶17, 360 Wis. 2d 292, 858 N.W.2d 662. Our supreme court has "interpreted this to mean that a defendant must show that the circuit court 'impose[d] a harsher sentence solely because' of the improper factor." *Whitaker*, 402 Wis. 2d 735, ¶13 (alteration in original; citation omitted). We must review the sentencing transcript as a whole, *Alexander*, 360 Wis. 2d 292, ¶25, and we are not to infer actual reliance on an irrelevant factor without "clear indication that the sentencing court imposed additional incarceration time" because of that factor, *State v. Gallion*, 2002 WI App 265, ¶23, 258 Wis. 2d 473, 654 N.W.2d 446, *aff'd*, 270 Wis. 2d 535 (2004).

¶12 Gray has not met his burden to show that the circuit court actually relied on the Victim Statement in his PSI. He notes that the court explicitly mentioned the Victim Statement during a discussion of the gravity of the offense, that the court characterized the letter as not "inflammatory" or "outrageous," and that the court also mentioned that Gray's victims will have a "lifelong struggle" as a result of their exploitation. In the context of the entire transcript, however, it is clear that the court was addressing Gray's objections to the inclusion of the statement in the PSI and its reasons for not striking the statement. Indeed, as discussed above, the court's imposition of a sentence longer than the one recommended by the parties was driven by the severity of the crime and deterrence as a means of protecting the public. Gray has not pointed to anything in the transcript suggesting that the court added incarceration time based on the Victim Statement, let alone clear and convincing evidence that it did so. Thus, even if the inclusion of the Victim Statement in Gray's PSI was an improper and irrelevant sentencing factor, we cannot find an erroneous exercise of discretion on this ground.

## CONCLUSION

¶13 For the foregoing reasons, we affirm the judgment of conviction for possession of child pornography and the order of the circuit court denying Gray's motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.